■NEWMAN, Circuit Judge,
dissenting from denial of the petition for rehearing en banc.
This is the companion to Merck & Cie v. Gnosis S.p.A., No. 14-1777 (Gnosis I), decided concurrently. As in Gnosis I, the panel majority applied the deferential “substantial evidence” standard of review and, in doing so, adopted the factual findings of the PTAB and affirmed the’PTAB’s cancellation of U.S. Patent Nos. 5,997,915, 6,673,381, and 7,172,778. For the reasons discussed in my dissent to the denial of en bane rehearing in Gnosis I, I believe en banc consideration is necessaxy to-realign the appellate standard of review, of these inter partes proceedings with the statutory purpose of the America Invents Act.
• This case illustrates’the pitfalls of the deferential “substantial evidence” standard. Despite concluding that the PTAB erred in assessing South Alabama Medical Science Foundation’s (SAMSF) licensing evidence,-.the panel majority affirmed the PTAB’s obviousness determination, on the ground that it was supported by substantial evidence.
There was extensive evidence of licensing, sublicensing, and relicensing of the SAMSF patents. More than twelve companies have taken sublieenses to the SAMSF patents, and manufacture or sell products practicing the patents. The royalty stream for the SAMSF patents produces millions of dollars in annual revenue. The PTAB did not mention these as objective indicia of non-obviousness. Instead, the PTAB dismissed all of SAMSF’s objective evidence for lack of “nexus.” This was legal ei-ror, as the panel majority held. The majority nonetheless affirmed because “that evidence is not enough to overcome the strong evidence of obviousness ... relied upon by the Board to reach its conclusion of obviousness.” Gnosis II at 8. This too was legal error, for all of the evidence must be considered together in *1382 evaluating obviousness. Graham v. John Deere Co., 383 U.S. 1, 17, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966); Leo Pharm. Products, Ltd. v. Rea, 726 F.3d 1346, 1357 (Fed.Cir.2013) (“Whether before the Board or a court, this court has emphasized that consideration of the objective indicia is part of the whole obviousness analysis, not just an afterthought.”)
This is a crowded field of science, with conflicting -experimental results, from which it was not reasonably predictable that the compositions that were eventually developed would be biologically effective and commercially successful. Objective indicia such as commercial success “may often be the most probative and cogent evidence [of non-obviousness] in the record,” Procter & Gamble Co. v. Teva Pharm. USA, Inc., 566 F.3d 989, 998 (Fed.Cir.2009) (modification in original) (quoting Stratoflex, Inc. v. Aeroquip Corp., 713 F.2d 1530, 1538 (Fed.Cir.1983)). Considerations of biological effect and commercial and public response are a balance to judicial hindsight. In re Cyclobenzaprine Hydrochloride Extended-Release Capsule Patent Litigation, 676 F.3d 1063, 1075-76 (Fed.Cir.2012) (“The objective considerations, when considered with the balance of the obviousness evidence in the record, guard as a check against hindsight bias.”).
Precedent requires that the objective evidence be considered together with the other evidence relating to the question of obviousness. In turn, my colleagues also err in law, for our appellate role includes assuring that the correct law is applied by the PTAB. Although the panel majority finds substantial evidence to support the PTAB’s conclusion, less than all of the evidence was analyzed and weighed by the PTAB. On the entirety of the record, including the objective considerations, the petitioner has not established invalidity by a preponderance of the evidence, as required by statuté.
Thus I respectfully dissent from the court’s refusal to reconsider this case en banc.